FILED

JUL 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 06-CR-125 - 2 |
| | : | |
| v. | : | VIOLATION: 18 U.S.C. § 1203(a) |
| | : | (Hostage Taking) |
| CHARLES JUDES DORIUS | : | |
| | : | |
| and | : | |
| | : | |
| VAVA PIERRE | : | |
| also known as "Commandant," | : | |
| | : | |
| Defendants. | : | |

## STATEMENT OF FACTS

The United States, by and through its attorney, the United states Attorney for the District of Columbia, and the defendant hereby submit this Statement of Facts of Hostage Taking in violation of 18 U.S.C. § 1203(a):

On March 24, 2006, CHARLES DORIUS (hereinafter referred to as "Dorius"), VAVA PIERRE (hereinafter referred to as "Pierre"), and another person known as "Black" planned to kidnap a ten year-old child. Pierre and "Black" were armed with pistols. The three walked down the street to the victim's house. Dorius stood across the street from the victim's house, while the others walked back and forth in front of the residence.

At approximately 7:30 a.m., a car began to pull out of the driveway. The victim's mother was taking her two daughters to school, and the victim was wearing a school uniform. Pierre and "Black" approached the car with pistols displayed, and removed the victim's mother and sister from the car. The mother implored the kidnapers to take her, and not her daughter. Dorius got into the driver's seat, Pierre into the front passenger seat, and "Black" into the back seat with the victim.

They drove off, planning to go to a house where they would hide the victim. En route, one of the kidnapers decided that the victim's uniform might attract attention, so they decided to buy a t-shirt for her to wear over the uniform. They stopped to buy a t-shirt from a street vendor and placed it on the victim. They then drove to the location of the house. The trip in the car to the house took approximately 2 to 3 hours.

Pierre got out of the car and went up to the house to determine if the fourth person who was supposed to be waiting at the house was home. Pierre returned after a few minutes and informed Dorius and Black that the person was not there. Dorius, Pierre and Black waited in the car with the child for approximately two hours when a Gelin Lambert arrived. Lambert spoke with Pierre and Dorius and then walked to the house. Pierre followed shortly after Lambert, taking the victim with him, while Dorius and "Black" waited for him in the car.

At the house, the victim was taken to a bedroom. Two different men came to the room and asked if she wanted anything to eat and the victim declined.

In the mean time, the three kidnapers had driven off in the car with the intent of disposing of it. During the time they were driving around in the car, they discussed the amount of ransom they would demand from the mother. The victim's mother's cell phone, among other items, was still in the car. The kidnapers were expecting the mother to call them on her cell phone and that was when they would make their ransom demand. They were discussing a ransom demand in the $100,000 range.

While driving, the kidnapers noticed a Haitian National Police ("HNP") car following them. The HNP officers had been alerted to the kidnaping/carjacking, and had a description of the car. The kidnapers attempted to elude the HNP officers, but the HNP officers pursued them. The kidnapers

abandoned their vehicle, and shots were fired. "Black" was shot and killed. The other two, Dorius and Pierre, were captured by the HNP.

After he was captured, Pierre led the HNP to where the victim was being held and the police rescued her.

Further investigation revealed that the victim is a citizen of the United States.

The gun that "Black" carried was recovered.

### Statements

Both defendants provided statements to FBI agents after being advised of their international "Miranda" rights and waiving those rights orally and in writing. The interpreter who assisted the agents has assisted with previous cases in Haiti. The only persons present during the interview were FBI agents and the interpreter, that is, there were no Haitian officials present. The agents provided water and food during the interviews.

Both defendants admitted to participating in the kidnaping as summarized in the factual proffer. Additionally, Pierre admitted to carrying a .380 caliber handgun ~~loaded with five (5) rounds~~ during the kidnaping and that he directed the kidnapers to "Mackenzie's house." Both defendants admitted to discussing the amount of the ransom demand during the conduct of the kidnaping.

Respectfully submitted,<br>
KENNETH L. WAINSTEIN<br>
UNITED STATES ATTORNEY<br>
D.C. Bar Number: 451058

By: _____
JULIEANNE HIMELSTEIN
D.C. Bar No. 417136
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-8203
Julieanne.Himelstein@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: _____    Defendant: _____
                                  Charles Dorius
                                  Defendant

Date: 7-27-06                     Defendant: _____
                                  Vava Pierre
                                  Defendant